# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JIM BUFORD BILBREY, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-00274 |
| | § | Judge Mazzant |
| TROY E. HOLDER, | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Troy E. Holder's ("Defendant") Motion to Strike Plaintiff's Third Supplemental Disclosure of Expert Testimony (Dkt. #63). After considering the motion, the responses, and the relevant pleadings, the Court finds that Defendant's motion is denied.

## BACKGROUND

On April 22, 2015, Plaintiff Jim Buford Bilbrey ("Plaintiff") filed a complaint against Defendant Troy E. Holder ("Defendant") for veterinary malpractice, alleging that Defendant's treatment, colonic surgery, and follow-up care of Plaintiff's horse, Athena Puddy Cat, was negligent and the proximate cause of the horse's death (Dkt. #1). On May 26, 2016, Defendant noticed and took the deposition of Dr. Lane Easter ("Dr. Easter") (Dkt. #63 at p. 2). During his deposition, Dr. Easter discussed the surgery and stated that the "only opposed surfaces in [a] suture line are going to be serosa" (Dkt. #63, Exhibit 2 at p. 20). On June 30, 2016, Dr. Easter sent Plaintiff's counsel a supplemental report to clarify this portion of his deposition (Dkt. #69, Exhibit 1 at p. 4). In his supplemental report, Dr. Easter described the four basic layers of a horse's colonic wall and stated that "the serosa is a very thin and easily damaged and removed

layer of the intestine" (Dkt. #69, Exhibit 1 at p. 5). Dr. Easter clarified that if the serosal layers were removed due to intense cleaning, the opposing layers in a suture line would be the muscularis layers, not the serosal layers as he stated in his deposition (Dkt. #69, Exhibit 1 at p. 5). On July 13, 2016, Dr. Easter completed the "changes and signature page" of his deposition transcript using the text of the supplemental report and submitted the same to the court reporter (Dkt. #69, Exhibit 2). The parties' discovery deadline was July 15, 2016 (Dkt. #55).

On July 27, 2016, Plaintiff filed his Third Supplemental Disclosure of Expert Testimony disclosing Dr. Easter's June 30, 2016 supplemental report (Dkt. #69, Exhibit 1). On July 28, 2016, Defendant filed a Motion to Strike Plaintiff's Third Supplemental Disclosure of Expert Testimony (Dkt. #63). On August 12, 2016, Plaintiff filed a Response in Opposition to Defendants' Motions to Strike Plaintiff's Third Supplemental Disclosure of Expert Testimony (Dkt. #69). The parties' pretrial disclosures were due on August 22, 2016 (Dkt. #20).

## ANALYSIS

Defendant objects to Plaintiff's Third Supplemental Disclosure of Expert Testimony as being untimely filed (Dkt. #63 at p. 2). Federal Rule of Civil Procedure 26(e) states:

> (1) A party who has made a disclosure under Rule 26(a)–or who has responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> >
> > (B) as ordered by the court.

FED. R. CIV. P. 26(e). Additionally, for an expert witness, this duty to disclose extends to both the information included in the report and the information included during the deposition. FED.

R. CIV. P. 26(e)(2); *see Stetson Petroleum Corp. v. Trident Steel Corp.*, No. 4:14-CV-43, 2015 WL 6745958, at *3 (E.D. Tex. Nov. 4, 2015). Any changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due. FED. R. CIV. P. 26(e)(2).

Here, Dr. Easter made clarifications to his testimony regarding seven lines in his deposition transcript (Dkt. #69, Exhibit 2 at p. 2). In these seven lines, Dr. Easter stated that the "only opposed surfaces in [a] suture line are going to be serosa" (Dkt. #63, Exhibit 2 at p. 20). In his report, Dr. Easter clarified that if the serosal layers were removed due to intense cleaning, the opposing layers in a suture line would be the muscularis layers, not the serosal layers as he stated in his deposition (Dkt. #69, Exhibit 1 at p. 5). These clarifications to the opinions expressed during Dr. Easter's deposition are subject to a duty of supplemental disclosure under Federal Rule of Civil Procedure 26(e)(2). Plaintiff timely disclosed these clarifications on July 27, 2016 before the pretrial disclosures were due on August 22, 2016. Therefore, the Court finds that Defendant's Motion to Strike Plaintiff's Third Supplemental Disclosure of Expert Testimony is denied.

## CONCLUSION

It is therefore **ORDERED** that the Defendant's Motion to Strike Plaintiff's Third Supplemental Disclosure of Expert Testimony is hereby **DENIED.**

**SIGNED this 21st day of September, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE